# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVORY LEE HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-30-4

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ivory Lee Harris appeals the sentence imposed following his guilty plea conviction for conspiracy to commit fraud with immigration documents. The district court sentenced him above the guidelines range of 12 to 18 months of imprisonment to 42 months of imprisonment and three years of supervised release. Harris contends that his sentence is substantively and procedurally unreasonable and that the Government breached the plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60096

The district court gave a "thorough justification" for the variance in this case. *United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011). The district court cited the scope of the scheme, Harris's status as a police officer, the importance of the false police reports created by Harris to the scheme, Harris's use of an unwitting police officer and failure to vet the visa applicants, and the harm done to the City of Jackson and its police department. The extent of the variance, 24 months above the guidelines maximum of 18 months, is within the range of variances we have upheld. *See id.* at 345. Given the significant deference that is due to a district court's consideration of the 18 U.S.C. § 3553(a) factors, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and the district court's reasons for its sentencing decision, Harris has not demonstrated that the sentence is substantively unreasonable, *see McElwee*, 646 F.3d at 344-45.

Harris waived by virtue of inadequate briefing his claim that the district court failed to adequately explain the sentence. *See United States v. Scroggins*, 599 F.3d 433, 446-67 (5th Cir. 2010); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). Even if this claim is not waived, it fails under the abuse-of-discretion standard of review. *See Gall*, 552 U.S. at 51. The district court provided a "compelling" justification for the variance by citing the aggravating factors that it found warranted a sentence above the guidelines range. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

At sentencing, the Government complied with its promise in the plea agreement to "recommend that the Court impose a sentence within the lower 25% of the applicable range." No reasonable reading of the plea agreement would prohibit the Government from arguing on appeal that the above-guidelines sentence is reasonable. *See United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999).

The judgment of the district court is **AFFIRMED**.